UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL PAUL PIZZOLATO
And
STEPHANIE L. PIZZOLATO

VERSUS                                                          CIVIL ACTION No. 08-353-JJB

SAFECO INSURANCE
COMPANY OF AMERICA

### RULING AND ORDER

Before the Court is a Motion for Attorney's Fees [doc. 12] filed by Plaintiffs, Michael Paul Pizzolato and Stephanie L. Pizzolato, against Defendant General Insurance Company of America.[1] Defendant filed a Motion in Opposition. This Court retained jurisdiction for the purpose of awarding statutory attorneys fees. There is no need for oral argument.

**A. Background**

On June 13, 2008 GICA removed this matter to this Court from the 19th Judicial District Court. Plaintiffs filed a Motion to Remand, and in a Report and Recommendations entered on August 14, 2008, Magistrate Judge Christine Noland recommended that the Motion be granted, that the matter be remanded to the 19th Judicial District Court, and also recommended that Plaintiffs be awarded attorney's fees. On September 16, 2008, I entered a Judgment granting the Motion to Remand and ordered that Plaintiffs be awarded fees and costs pursuant to 28 U.S.C. 1447(c).

Plaintiffs filed their Motion for Attorney's Fees on September 25, 2008, requesting that this Court award attorney's fees to them in the amount of $3,284.50 or such amounts as this Court finds reasonable. Plaintiffs' claim in the Motion that the total dollar amount for legal fees in this

---

[1] Plaintiffs apparently named Defendant incorrectly in their petition.

1

matter is 3,284.50, based upon 13.6 hours of work. The hourly rate for Attorney Mark D. Mese is $250.00 per hour, and the hourly rate for paralegal, Robert Bonney is $120.00 per hour. Plaintiffs also attached a descriptive list of the time entries and fees in connection with preparing the Motion to Remand.

### B.  Discussion

The starting point for the awarding of statutory attorney's fees is the determination of a "lodestar" fee, by multiplying the reasonable hours expended by the reasonable hourly rate. The reasonable hourly rate is set in accordance with the local legal community.

### 1.  Hours Expended

Defendant urges that the overall number of hours claimed is too high, given the nature of the case. Counsel for Plaintiffs provided an affidavit of a good faith estimate of the hours expended in connection with the remand and removal of Plaintiffs' case. The time sheets submitted by Plaintiffs' counsel detail counsel's and his paralegal's work performance, the date the work was performed, the number of hours spent on a particular task, and a brief description of the services rendered.  That affidavit shows that Plaintiffs' counsel spent 13.6 hours over a three month time period handling this matter with regard to the removal and remand. Although majority of the hours submitted by Plaintiff's counsel are reasonable under the circumstances, some of the hours should not be included in calculating the number of reasonable hours expended.

The Fifth Circuit has held that fee awards under 28 U.S.C. §1447(c) should not compensate counsel for work that would not have been incurred had the case remained in state court. *Avitts v. Amoco Prod. Co.,* 115 F.3d 30, 32 (5th Cir. 1997).  Plaintiffs' counsel list .30 hours for "Research orders of the court for setting a scheduling conference or status conference." Any scheduling conference would have been set in state court. The fees sought by Plaintiffs in connection with a scheduling or status conference will not be included in the fee award.

2

Defendant complains that 9.9 hours spent by Plaintiffs' counsel in preparing the Motion for Attorney's Fees, research, drafting and filing the Motion to Remand is excessive in light of the length and content of the Motions. Defendant further argues that in determining the award of attorney's fees, the Court should consider two of the *Johnson* factors: the "novelty and difficulty of the issues" and the "skill required to perform that legal service properly."[2]

In light of these considerations above, the Court holds that 3.5 hours of work claimed for preparation of the motion to remand is excessive and does not exercise "billing judgment." Therefore, the Court reduces the requested number of hours from 3.5 hours to 2.5 hours. The Court finds that the remainder of the hours claimed are reasonable.

**2. Hourly Rate**

Based on the affidavit submitted to the court, Plaintiffs' counsel seeks to be compensated at the following hourly rates:

| | |
|---|---|
| Mark D. Mese | $250/hour |
| Robert Bonney (paralegal) | $120/hour |

Defendant argues that Plaintiffs' counsel and paralegal's hourly rates are excessive and should be reduced. Neither party has provided any statistics with regard to the average hourly rate in the Baton Rouge or New Orleans area.

After reviewing the prevailing market rates for paralegal work in the Baton Rouge and New Orleans area, the Court finds that an hourly paralegal rate of $120.00 for work on a standard motion to remand is excessive. The reasonable and appropriate hourly paralegal rate in

---

[2] The *Johnson* factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974).

this state ranges from $50.00 to $75.00. *See Bouis v. Hartford Ins. Co of Midwest*, 2008 WL 3851685 (E.D. La.).

The Court has considered the fact that Mr. Bonney is a paralegal with 21 years experience and would be considered as one who would fit into the highest hourly rate structure. Given the simplicity of this matter and the standard rates for paralegal work in this state, Mr. Bonney's rate will be reduced from $120.00 per hour to $75.00 per hour.

Upon review of recent decisions, the Court further finds that the basic local rates would be less than Plaintiffs' request of $250.00 per hour for attorney fees. The Court notes that Plaintiffs' counsel attested in his affidavit that he has practiced law in Louisiana since 1984. While his standard hourly rate is $250.00 an hour, the Court reasons that this rate applies to his standard practice in complex litigation. *See Prime Ins. Syndicate, Inc. v. Jefferson*, 547 F. Supp. 2d 568 (E.D. La. 2008). The motion to remand case here is not complex and therefore does not warrant such a significant fee rate as the rates usually charged to Mr. Mese's clients. Accordingly, the Court reduces Mr. Mese's attorney rates to be more indicative of this uncomplicated matter. The Court finds that an award of $185.00 an hour to Mr. Mese is appropriate here.

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered with determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concludes that they do not warrant an upward or downward departure here.

Based on the Court's findings as to reasonable hours and rates, the presumptively reasonable fee breaks down as follows:

| DATE | DESCRIPTION | AMOUNT ($) |
|---|---|---|
| 6/12/2008 Mr. Mese | Receipt and review of removal Petition; two telephone calls with Frank Prestia regarding removal; telephone call with defense attorney; letter to defense attorney (1.00 hr) | 185.00 |
| 6/24/2008 Mr. Mese | Two telephone calls with Mr. Prestia; review of remand issues; receipt and review of emails related to remand facts. (.70 hrs) | 129.50 |
| 7/4/2008 Mr. Mese | Prepare Motion to Remand; prepare memorandum in support of motion to remand; prepare affidavits of Mr. Pizzolato and Mr. Fey; email to Mr. Prestia and Mr. Fey regarding affidavits (2.5 hrs) | 462.50 |
| 7/7/2008 Mr. Mese | Review remand pleadings and affidavits; receipt and review of letter from Safeco attorneys; office conference with Frank Prestia (1.50 hr) | 277.50 |
| 7/8/2008 Mr. Mese | Telephone call with Mr. Prestia regarding remand and settlement; revise and file (.50 hrs) | 92.50 |
| 7/8/2007 Mr. Bonney | Assisted attorneys in electronically filing the Motion to Remand and supporting documentation with the Clerk of Court (.80 hrs) | 60.00 |
| 7/14/2008 Mr. Mese | Prepare invoice package for attorneys; telephone call with Mr. Prestia; letter to Richard Badeaux (.50 hrs) | 92.50 |
| 8/14/2008 Mr. Mese | Receipt and review of Magistrates recommendation on remand; telephone call with client; telephone call with Mr. Prestia (.60 hrs) | 111.00 |
| 8/25/2008 Mr. Mese | Receipt and review of Safeco Company's objection to Magistrate's recommendation; telephone call with Mr. Prestia regarding remand (.40 hrs) | 74.00 |
| 8/26/2008 Mr. Mese | Telephone call with Safeco attorneys (.20 hrs) | 37.00 |
| 8/27/2008 Mr. Mese | Research filing and timing of attorney fees motion (.50 hrs) | 92.50 |
| 9/16/2008 Mr. Mese | Receipt and review of Judgment from the Court; telephone call with Mr. Prestia regarding remand; telephone call with Mr. Pizzolato regarding remand. (.70 hrs) | 129.50 |
| 9/17/08 Mr. Mese | Additional research on attorney's fees; prepare motion for attorney's fees; prepare Affidavit to support motion for attorney's fees; telephone call with Safeco attorney; prepare memorandum in support of motion for attorney's fees (2.40 hrs) | 444.00 |
| | **BALANCE DUE:** 2187.50 | |

5

### C. Conclusion

According to the foregoing considerations, Plaintiffs' Motion for Attorney's Fees is GRANTED IN PART and DENIED IN PART. Specifically, the court awards attorney's fees to Plaintiffs in the amount of $185.00 per hour for 11.5 hours expended by Mr. Mese and $75.00 per hour for the .80 hours expended by Mr. Bonney, totaling $2187.50.

Signed in Baton Rouge, Louisiana, on November 3, 2008 .

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**